```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | | |
|---|---|---|
| HOWARD STEVENS (#232108), | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 16-0511-WS-M |
| LT. CRETUSON, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72. It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is currently an inmate in the William E. Donaldson Correctional Facility in Bessemer, Alabama. (Doc. 4 at 8.) In August 2011, the time of the incident of which Plaintiff complains, he was an inmate at Fountain Correctional Facility in Atmore, Alabama, in the Southern District of Alabama. (*Id.* at 4.) Plaintiff filed the current action on October 3, 2016. (Doc. 1.) Plaintiff filed an Amended Complaint (Doc. 4) on the correct form on October 27, 2016. He was granted leave to proceed *in forma pauperis* on November 3,

2016.  (Doc. 6 at 1.)  Plaintiff brings suit against a "Lt. Cretuson," a staff member at Fountain Correctional Facility.  (Doc. 4 at 5.)  Plaintiff accuses Defendant of violating "all petitioner rights" and of "conspircy to commit murder."  (*sic*; *id.*)  Plaintiff alleges that Defendant called a dentist and instructed him to give the Plaintiff a shot in the gums.  (*Id.* at 4.)  Plaintiff alleges that said shot caused Plaintiff to spit up blood, to have blood in his stool, to experience heart problems, and that the shot "detroy[ed] my insides, burn[ed] my whole insides up."  (*Id.*)  For relief, Plaintiff seeks money damages in the amount of $25 million and an order releasing him from prison.  (*Id.* at 7.)  This action has not yet been served.  (Doc. 6 at 3.)

## STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court reviews his Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist.  *Id.* at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief

may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557 (second brackets in original).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Furthermore, if the face of the complaint "show[s] that relief is barred by the applicable statute of limitations, [it] is subject to dismissal for failure to state a claim . . ."  *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering a pro se litigant's allegations, the Court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the Court does not have the "license . . . to rewrite an otherwise deficient pleading in order to

3

sustain an action." *GJR Investments v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 791, 710 (11th Cir. 2010) (*relying on Iqbal*, 556 U.S. 662). Furthermore, the Court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## DISCUSSION

### I.  STATUTE OF LIMITATIONS

Plaintiff brings this action claiming a violation of his constitutional rights under § 1983. (Doc. 4 at 1, 5.) The statute of limitation for a § 1983 action filed in Alabama is two years. *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir. 1992), *cert. denied*, 506 U.S. 917 (1992). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008), *cert. denied, Callahan v. Allen*, 553 U.S. 1098 (2008); *see Owens v. Okure*, 488 U.S. 235, 239, 250 (1989) (Because § 1983 does not contain a statute of limitations, the statute of limitations for

a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions). Alabama's two-year statute of limitations for personal injuries is used for § 1983 actions filed in Alabama. *Lufkin*, 956 F.2d at 1105, 1108 n.2; *McNair*, 515 F.3d at 1170; ALA. CODE § 6-2-38(l) (1975).

Though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. *Wallace*, 549 U.S. at 388. Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" *Id.* (brackets in original) (citations omitted); *see Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (a section 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured).

Plaintiff alleges that he received the injection in question in August 2011. (Doc. 4 at 5.) Plaintiff first made a filing in this action on October 3, 2016. (*See* Doc. 1.) Considering the tenor of Plaintiff's allegations, Plaintiff knew or should have known of his injury when receiving the injection, or shortly thereafter. Even though plaintiff knew of his claims in August 2011, or thereabouts, he did not file suit until October 2016, more than five years after his claims arose. The

filing of this action in October 2016 is well beyond the two-year period of limitations from when his claims accrued.  *See Lufkin v. McCallum*, 956 F.2d at 1105, 1108 n.2.  Accordingly, Plaintiff's claim is barred by the two-year statute of limitations and is due to be dismissed as frivolous.  *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Jones*, 549 U.S. 199.

II.  FAILURE TO STATE A CLAIM

Even if Plaintiff claim were not barred by the applicable statute of limitations, it is due to be dismissed as frivolous as failing to state a claim, since it "lacks an arguable basis in law or fact."  *See Neitzke*, 490 U.S. at 325.  The Plaintiff has barely identified the Defendant and makes no allegation that anything that Plaintiff was injected with was medically inappropriate.  (Doc. 4 at 4, 5.)  Additionally, Plaintiff makes no non-conclusory showing that the injection in question caused any of his alleged symptoms.  (*Id.* at 4.)  Plaintiff's allegations thus are not "enough to raise a right to relief above the speculative level" or "sho[w] that the [he] is entitled to relief."  *Twombly*, 550 U.S. at 555, 557.  Since Plaintiff's allegations do not state a claim upon which relief may be granted, they are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Mitchell*, 112 F.3d at 1490.

6

III. QUALIFIED IMMUNITY

The Plaintiff does not state specifically whether the Defendant is sued in his official capacity, his individual capacity, or both.  The undersigned analyzes Defendant's qualified immunity in both capacities.

    A.    OFFICIAL CAPACITY

It is well-established that, "suits against an official in his or her official capacity are suits against the entity the individual represents."  *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989), *overruled on other grounds in Turquitt v. Jefferson Cnty.*, 137 F.3d 1285, (11th Cir. 1998); *see Monell v Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)("[O]fficial capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Farred v. Hicks*, 915 F.2d 1530, 1532 (11th Cir. 1990).  For the purposes of qualified immunity, it is not disputed that Defendant is a state official.

Thus, to the extent that Plaintiff's claims are against the Defendant in his official capacity, his claims are effectively claims against the State of Alabama.  The Supreme Court has held that states and state officials are not "persons" subject to liability pursuant to 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).  Further, pursuant to the Eleventh Amendment of the United States Constitution, a state's

own citizens may not sue unless the state consents to suit or Congress acts to abrogate immunity. *See Carr v. Florence*, 916 F.2d 1521, 1524-25 (11th Cir. 1990). There is nothing before the Court that suggests that the State of Alabama has consented to the suit or that Congress has acted to abrogate immunity. Accordingly, Defendant has absolute immunity against the claims asserted against him in his official capacities.

B. INDIVIDUAL CAPACITY

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity from suit is intended to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted).

The initial inquiry in a qualified immunity case is whether the public official proves "that he was acting within the scope of his discretionary authority when the allegedly wrongful acts

8

occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks omitted). This "discretionary authority" hurdle is a "low, indeed almost invisible one." *Williams v. Goldsmith*, 4 F. Supp. 2d 1112, 1123 (M.D. Ala. 1998). In this case, no one has disputed that Defendant was acting within the scope of his discretionary authority as a jail official with regard to any of the allegations in the Complaint.

Once the discretionary authority question is answered, courts utilize a two-part framework to evaluate individual capacity qualified immunity claims. One inquiry in a qualified immunity analysis is whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002) (*citing Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001)). If the facts, construed in the light most favorable to the plaintiff, show that a constitutional right has been violated, another inquiry is whether the right violated was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Eleventh Circuit has observed that in determining whether a right was "clearly established", the courts do not require a case directly on point; however, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (internal quotation marks omitted) *see also Wilson v. Blankenship*, 163 F.3d 1284, 1288

(11th Cir. 1998)(internal citation omitted)(emphasis in original)("General propositions and abstractions do not qualify for bright line, clearly established law.  For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*.").  Both elements of the two-part test must be present for an official to lose qualified immunity, and this two-pronged analysis may be done in whatever order is deemed most appropriate for the case.  *Pearson v. Callahan*, 555 U.S. 223 (2009).

As stated above, the Plaintiff has not shown that any of his constitutional rights has been violated by the Defendant.  Thus, the Defendant is entitled to qualified immunity from suit in his personal capacity.  *See id.*

## CONCLUSION

After careful consideration of the record, and for the reasons stated herein above, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

       **DONE** this 13th day of December 2016.

                                       s/BERT W. MILLING, JR.
                                       BERT W. MILLING, JR.
                                       UNITED STATES MAGISTRATE JUDGE